UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
EASTON DIVISION

Scott Hanixman

                                        **Plaintiff**                Civil Action No.:

vs.

Benjamin Harless and Honda LLC,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

AND NOW COMES the Plaintiff, Scott Hanixman, by and through his counsel, Morgan & Morgan Philadelphia, PLLC, and hereby complains against the above-named Defendants, and in support thereof avers as follows:

### PARTIES

1. The Plaintiff, Scott Hanixman (hereinafter the "Plaintiff"), is an adult individual who resides at 26595 Blue Jay Lane, Hebron, Maryland 218301072.

2. Defendant, Benjamin Harless (hereinafter "Defendant" or "Defendant Driver") is an adult individual who resides at 3085 AW Wilson Road, Plain City, Ohio 43064.

3. Defendant Honda LLC is an Ohio corporation with a principal place of business located at 23800 Honda Parkway, Marysville, Ohio 43040.

4. Venue is proper in the Eastern District of Pennsylvania, as the facts that gave rise to the collision occurred in the Chester County, Pennsylvania, all parties are diverse in citizenship, and the amount in controversy exceeds $75,000.00

## FACTUAL BACKGROUND

5. On November 9, 2021, the Plaintiff driving his vehicle and was traveling on I-76 East in the area of mile marker 312.6.

6. Plaintiff began to slow to a stop as traffic in front of his vehicle slowed.

7. At the same time and at the same location, Defendant was also traveling on I-76 East and was traveling directly behind the Plaintiff in a vehicle owned by Honda LLC.

8. Defendant Honda LLC entrusted said vehicle to Defendant, and allowed Defendant to operate said vehicle as if it were owned by Defendant.

9. Defendant was distracted, and looked down at a map, while operating his motor vehicle at speeds of 55 miles per hour.

10. Suddenly and without warning, Defendants crashed into the rear end of Plaintiff's vehicle.

11. The Plaintiff's body was violently thrown about in the vehicle as a direct and proximate result of the crash.

12. The Defendant's actions caused disabling damage to both vehicles.

13. As a direct and proximate result of the negligence and/or carelessness of the Defendant, the Plaintiff sustained injuries including but not limited to:

    a. Cervical injury;

    b. Thoracic injury;

    c. Lumbar injury;

    d. Head injury;

    e. Shoulder Injury;

    f. Wrist injury:

    g. Elbow injury;

    h. Fractured wrist;

    i. Left wrist TFCC tear; and

    j. Left SL ligament tear;

14. Plaintiff also makes a claim hereinafter for injuries, damages or consequences of which he has no present knowledge.

15. As a result of the aforesaid injuries, the Plaintiff sustained physical pain and suffering, all of which have required or will require medical care and treatment.

16. The Plaintiff continues to require treatment for the aforesaid injuries.

17. All of the aforementioned treatment for the Plaintiff's injuries has been deemed reasonable and necessary.

18. As a result of the aforesaid injuries, the Plaintiff sustained a loss of the everyday pleasures and enjoyments of life and may continue to suffer the same for an indefinite period of time into the future.

19. As a result of the aforesaid injuries, the Plaintiff sustained an impairment of his earning capacity/potential.

20. At all times relevant hereto, the Plaintiff acted in a safe, prudent, and reasonable manner and in no way contributed to her injuries or damages.

**COUNT I**
**NEGLIGENCE**
<u>**Plaintiff v. Defendant**</u>

21. The preceding paragraphs are incorporated herein by reference as if fully set forth at length.

22. On the aforementioned date, place and time, Defendant operated his vehicle in a negligent manner such that the Defendant's conduct was a factual and proximate cause in bringing about the serious and painful injuries and damages to the Plaintiff. The negligence of the Defendant includes, but is not limited to the following:

    a. Failure to maintain proper and adequate control of his motor vehicle;

    b. Failure to bring his motor vehicle to a stop;

    c. Failure to keep a proper and necessary lookout while operating his motor vehicle;

    d. Rear ending Plaintiff's vehicle;

    e. Following too closely/tailgating;

    f. Failure to yield to oncoming traffic;

    g. Failure to obey traffic signals;

    h. Failure to be attentive while operating his motor vehicle; and

    i. Failure to take evasive action as to avoid the collision with the Plaintiff's vehicle.

23. As a result of the Defendant's negligence, the Plaintiff suffered the above-mentioned harm.

**WHEREFORE**, the Plaintiff, Scott Hanixman, hereby seeks all damages allowed under the laws of the Commonwealth of Pennsylvania from the Defendant, in an amount greater than the jurisdictional threshold under the applicable statutes of the Commonwealth of Pennsylvania and the Local Rules of Court.

### COUNT II
### NEGLIGENT ENTRUSTMENT
### Plaintiff v. Defendant Honda LLC

24. The preceding paragraphs are incorporated herein by reference as if fully set forth at length.

25. The negligence and/or carelessness of the Defendant Honda LLC, was a proximate cause of the aforesaid motor vehicle collision and the resulting injurie sand damages sustained by the Plaintiff, consists of, but is not limited to, the following:

    a. Permitting Defendant Driver, to operate the motor vehicle without first ascertaining whether or not he/she was capable of properly operating said vehicle;

    b. Permitting Defendant Driver, to operate the motor vehicle when Defendant, Honda LLC knew, or in the exercise of due care and diligence, should have known that he was capable of committing the acts of negligence set forth above;

    c. Failing to warn those persons, including the Plaintiff, that Defendant, Honda LLC, knew, or in the existence of due care and diligence should have known, that the Plaintiff would be exposed to Defendant Driver's negligent operation of the motor vehicle.

    d. failing to properly and adequately entrust said motor vehicle to individuals who operate motor vehicles in a careful and non-negligent manner; and

    e. negligence per se.

26. As a direct result of the negligent and/or careless conduct of Defendants, the Plaintiffs suffered various serious and permanent personal injuries, serious impairment of bodily function, permanent serious disfigurement, aggravation of certain injuries and/or other ills and injuries all to Plaintiffs' great loss and detriment.

27. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiffs' great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

28. As an additional result of the carelessness and/or negligence of Defendants, Plaintiffs have suffered emotional injuries, along with the physical injuries suffered.

29. As a further result of Plaintiffs' injuries, Plaintiffs have in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

30. Furthermore, in addition to all the injuries and losses suffered by Plaintiffs, Plaintiffs have also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by applicable law, for which they make a claim for payment in the present action.

**WHEREFORE**, the Plaintiff, Scott Hanixman, hereby seeks all damages allowed under the laws of the Commonwealth of Pennsylvania from the Defendants, in an amount greater than the jurisdictional threshold under the applicable statutes of the Commonwealth of Pennsylvania and the Local Rules of Court.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all claims so triable.

Respectfully submitted,

MORGAN & MORGAN PHILADELPHIA, PLLC

BY:    **/s/ Brian M. Ruditys**
       Brian M. Ruditys, ESQUIRE
       *Counsel for the Plaintiff*

## **VERIFICATION**

I, Scott Hanixman, hereby certify that the facts contained in the foregoing Complaint, are true and correct to the best of my knowledge, information, and belief. I make this statement subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsification to authorities.


DATE: 2.28.23                                              /s/ Scott Hanixman
                                                                    Scott Hanixman